```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :    POST-INDICTMENT
                                       RESTRAINING ORDER
     - v -                        :    PURSUANT TO
                                       18 U.S.C. § 982(b)(1)
TAHIR ALI KHAN,                   :    AND 21 U.S.C. § 853 (e)
     a/k/a "Waheed Khan,"
     a/k/a "Ali,"                 :    S1 07 Cr. 711
     a/k/a "Haji,"
     a/k/a "Shan,"                :
FAYYAZ AHMED,
ARIE BENSHIMON,                   :
     a/k/a "the Jew,"
     a/k/a "Jewish Guy,"          :
NAVEED ALI BHINDAR,
     a/k/a "Sheikh,"              :
SYED HASSAN,
MUHAMMAD ISHAQ,                   :
     a/k/a "Saqa,"
BASHARAT JARRAL,                  :
     a/k/a "Alex,"
NADEEM KHAN,                      :
GHULAM MEHMOOD,
     a/k/a "Mama,"                :
     a/k/a "Zafar,"
SHAHEEN MUKHTAR,                  :
     a/k/a "Nick,"
QAISER QURESHI,                   :
     a/k/a "Auntie,"
FRANKLIN RODRIGUEZ,               :
     a/k/a "Spanish Guy,"
     a/k/a "Chancey,"             :
SYED SHAH,
     a/k/a "Charsi,"              :
     a/k/a "Chotu,"
     a/k/a "Joji,"                :
OSCAR SANCHEZ,
     a/k/a "Charsi,"              :
     a/k/a "Bank of America,"
PRADIPT SHARMA,                   :
     a/k/a "the CitiBank guy,"
                                  :
               Defendants.
- - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 3 0 2007

Upon the Indictment, the Application of MICHAEL J. GARCIA, United States Attorney for the Southern District of New York by Special Assistant United States Attorney Meryl A. Lutsky, pursuant to Title 18, United States Code, Section 982(b)(1), and Title 21, United States Code, Section 853 (e), the Affidavit of Investigator John M. Sullivan of the New York State Office of Attorney General, and all papers submitted in support thereof,

**IT IS HEREBY ORDERED** that:

1.  TAHIR ALI KHAN, a/k/a "Waheed Khan," a/k/a "Ali," a/k/a "Haji," a/k/a "Shan," FAYYAZ AHMED, ARIE BENSHIMON, a/k/a "the Jew," a/k/a "Jewish Guy," NAVEED ALI BHINDAR, a/k/a "Sheikh," SYED HASSAN, MUHAMMAD ISHAQ, a/k/a "Saqa," BASHARAT JARRAL, a/k/a "Alex," NADEEM KHAN, GHULAM MEHMOOD, a/k/a "Mama," a/k/a "Zafar," SHAHEEN MUKHTAR, a/k/a "Nick," QAISER QURESHI, a/k/a "Auntie," FRANKLIN RODRIGUEZ, a/k/a "Spanish Guy," a/k/a "Chancey," SYED SHAH, a/k/a "Charsi," a/k/a "Chotu," a/k/a "Joji," OSCAR SANCHEZ, a/k/a "Charsi," a/k/a "Bank of America," PRADIPT SHARMA, a/k/a "the CitiBank guy,"(collectively, the "defendants"); and

2.  All attorneys and other persons and entities acting for or in concert with the above-named defendants, having actual knowledge of this Order;

2

Shall not take any action prohibited by this Order; and

**IT IS FURTHER ORDERED** that the defendants, their attorneys, agents, employees, and anyone acting on their behalf, and all persons or entities acting in concert or participation with any of the above, and all persons and entities having actual knowledge of this order, shall not, directly or indirectly, transfer, sell, assign, pledge, hypothecate, encumber, or dispose of in any manner; cause to be transferred, sold, assigned, pledged, hypothecated, encumbered, disposed of in any manner; or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of following property:

> (i) all right, title and interest in the real property and appurtenances known as 964 Lake Circle, Hoover, Alabama 35244-3294, as well as any and all contents of that real estate property, including but not limited to furniture, furnishings, appliances, and electronics, including but not limited to those properties listed in Exhibit A (collectively, the "Alabama Properties").

all of which there is probable cause to believe constitute property constituting or derived from proceeds traceable to criminal activity including identification fraud, wire fraud, bank fraud, money laundering, and the transportation and sale of stolen vehicles, and;

**IT IS FURTHER ORDERED** that the defendants shall not use the said properties for any illegal activities and that Defendant

3

TAHIR ALI KHAN, with regard to the Alabama Properties, shall, using assets there is probable cause to believe are available to him, maintain the said properties in a manner that preserves the <u>status quo</u>, and, to that end, shall (i) maintain the said properties in order to preserve their current market value, normal wear and tear excepted; (ii) maintain insurance policies on the said properties, including a standard policy covering replacement cost and policies covering liability to persons injured on the properties; (iii) make timely payments to the appropriate institution concerning the said properties which are a current and continuous obligation regarding mortgage payments, home equity loan payments, utility payments, property tax payments, any levies by municipal authorities and such other obligations otherwise necessary and if any such payments are delinquent to immediately cure such delinquency; (iv) not use or permit the said properties to be used in any manner that would invalidate insurance on the properties or diminish the value of the said properties, neither shall they cause any alteration to the said properties without the prior written consent of the United States Marshals Service, and;

**IT IS HEREBY FURTHER ORDERED** that law enforcement officials: (i) are authorized to videotape the interior and exterior of said properties, and to open in said properties any doors, unlocked or locked, which may contain a room, bathroom, and/or closet, so that a correct and accurate count of the number

4

of rooms, bathrooms, and closets can be taken, and; (ii) are authorized to inventory the assets of said properties, by conducting a thorough examination of the premises, including authority to open all locked or unlocked cabinets, drawers, closets, safes, and any other locked or unlocked enclosure or container on the said properties within which might reasonably be located an asset of the said properties, and to videotape and otherwise keep a record of the same, and;

**IT IS FURTHER ORDERED** that this Restraining Order shall be binding upon the defendants, their attorneys, agents, and employees, and all persons in active concert or participation with any of the above, or any other person having actual knowledge of this Order, and that this Order shall remain in effect until further order of this Court, and;

**IT IS FURTHER ORDERED** that service of a copy of this Order shall be made upon the defendant's attorneys by regular mail.

SO ORDERED this
30th day of August 2007:

_____
HONORABLE LAURA T. SWAIN
UNITED STATES DISTRICT JUDGE (PART I)
SOUTHERN DISTRICT OF NEW YORK

NY, NY
2:30 pm